# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RANDY CORTEZ STEWART,       )  | |
|         Plaintiff,       ) | |
|     v.       ) | No. 4:10CV500 CEJ |
| STATE OF MISSOURI, et al.,       ) | |
|         Defendants.       ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Randy Stewart for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed

---

[1] Normally, prisoners must pay the filing fee in installments.  A review of plaintiff's account, however, shows that he has no funds available to pay an initial partial filing fee.

in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## Discussion

Plaintiff brings this action under 42 U.S.C. § 1983 against the State of Missouri and the Missouri Department of Social Services, Family Support Division. Plaintiff alleges that he was removed from his mother's custody in 1987 and was placed in foster care. Plaintiff alleges that he was subjected to physical abuse while in foster care, and that the state Division of Family Service employees to whom he reported the abuse did nothing to stop it. Plaintiff claims that he now suffers from post-traumatic stress disorder.

There are no individuals named as defendants, and the State of Missouri and its

agencies are absolutely immune from liability under § 1983. See <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 63 (1989). Therefore, the complaint must be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **denied** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

Dated this 16th day of April, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE